JMH 200 Doe v Jagiello (2025 NY Slip Op 05388)

JMH 200 Doe v Jagiello

2025 NY Slip Op 05388

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

679 CA 24-01202

[*1]JMH 200 DOE, PLAINTIFF-APPELLANT,
v
CHRISTOPHER JAGIELLO, DEFENDANT, PHYLLIS FATIMA MORRELL, BUFFALO BOARD OF EDUCATION, BUFFALO CITY SCHOOL DISTRICT AND LAFAYETTE INTERNATIONAL HIGH SCHOOL, FORMERLY KNOWN AS LAFAYETTE HIGH SCHOOL, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.) 

LAW OFFICE OF J. MICHAEL HAYES, BUFFALO (J. MICHAEL HAYES OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MARY B. SCARPINE, GENERAL COUNSEL, BUFFALO CITY SCHOOL DISTRICT, BUFFALO (SHAUNA L. STROM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered July 24, 2024, in a personal injury action. The order, insofar as appealed from, granted in part the motion of defendants Phyllis Fatima Morrell, Buffalo Board of Education, Buffalo City School District and Lafayette International High School, formerly known as Lafayette High School, for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this personal injury action pursuant to the Child Victims Act (see CPLR 214-g), alleging that she was sexually abused by a physical education teacher, defendant Christopher Jagiello, during her attendance at defendant Lafayette International High School, formerly known as Lafayette High School (school), in defendant Buffalo City School District (district), while defendant Phyllis Fatima Morrell was its principal. As against the school, the district, Morrell, and defendant Buffalo Board of Education (collectively, defendants), plaintiff alleged, inter alia, that defendants had fraudulently concealed the abuse, that they had negligently hired, retained, and supervised Jagiello, and that they had negligently inflicted emotional distress upon her. Defendants moved for summary judgment dismissing plaintiff's complaint against them. By order entered July 24, 2024, Supreme Court granted defendants' motion in part; specifically, the court dismissed plaintiff's claims of negligent hiring and fraudulent concealment, denied the motion with respect to plaintiff's claims of negligent retention and supervision, and dismissed plaintiff's claim of negligent infliction of emotional distress to the extent that it was pleaded as a separate cause of action, thereby permitting plaintiff to seek damages from defendants for emotional distress as related to her surviving claims of negligence. In appeal No. 1, plaintiff appeals from an order denying her motion to resettle and clarify the court's oral decision, made prior to the July 24, 2024 order. In appeal No. 2, plaintiff appeals from the July 24, 2024 order.
As an initial matter, inasmuch as the order in appeal No. 1 denied a motion to clarify the court's oral decision and involves the court's power to "cure mistakes, defects and irregularities that do not affect substantial rights of [the] parties" (Matter of Torpey v Town of Colonie, N.Y., 107 AD3d 1124, 1126 [3d Dept 2013] [internal quotation marks omitted]), we conclude that no appeal lies therefrom and that appeal No. 1 must be dismissed (see generally Wilmot v Kirik, 237 [*2]AD3d 1535, 1535 [4th Dept 2025]).
In appeal No. 2, contrary to plaintiff's contention, the court did not err by purportedly dismissing a cause of action related to the concept of in loco parentis (see generally Williams v Weatherstone, 23 NY3d 384, 403 [2014]). The order in appeal No. 2 did not state that it was, in fact, dismissing such a cause of action. Instead, as the court correctly explained at oral argument, in loco parentis describes a duty of care applied in specific circumstances to those who "intend[ ] to assume the responsibility to support and care for [a] child" (Matter of Yolanda D., 88 NY2d 790, 796 [1996]; see generally BL Doe 2 v Fleming, 229 AD3d 1086, 1089 [4th Dept 2024]). Thus, although the concept may be applicable to plaintiff's claims for negligent retention and supervision, it is not a distinct cause of action.
We likewise reject plaintiff's contention that the court erred in dismissing her claim regarding fraudulent concealment of the abuse. Insofar as that claim related to plaintiff's allegations that defendants negligently retained and supervised Jagiello, we note that, as set forth above, the court denied defendants' motion with respect to the claims of negligent retention and supervision, and we conclude that any overlapping claim of fraudulent concealment was properly dismissed as duplicative (see PB-20 Doe v St. Nicodemus Lutheran Church, 228 AD3d 1233, 1238-1239 [4th Dept 2024]). To the extent that the claim regarding fraudulent concealment instead related to an allegation that defendants had actual knowledge of the abuse and took action to ensure it was not discovered (see generally Zumpano v Quinn, 6 NY3d 666, 675 [2006]), or that defendants knowingly misrepresented or omitted certain facts (see generally PB-20 Doe, 228 AD3d at 1238), we conclude that defendants met their initial burden on their motion, and that plaintiff failed to raise a triable issue of fact in opposition (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Plaintiff, during oral argument on the motion underlying the order in appeal No. 2, did not oppose the court's treatment of any claim of negligent infliction of emotional distress as duplicative of her negligence claims, and instead as a measure of damages thereon. Under these circumstances, plaintiff failed to preserve for our review her contention that the court erred in dismissing the claim of negligent infliction of emotional distress to the extent that it was asserted as a separate cause of action (see Ostrander v Mullen, 233 AD3d 1484, 1486 [4th Dept 2024]).
We have considered plaintiff's remaining contentions and conclude that they lack merit.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court